**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| JO-ANN BROWN, *et al.*, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-CV-00494-JCC-MSN |
| | ) | |
| TRANSURBAN (USA), INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
SETTLEMENT, DIRECTING NOTICE TO THE CLASS, AND SETTING A HEARING
ON FINAL APPROVAL**

WHEREAS, Named Plaintiffs Anna Stanfield, Rachel Amarti, Mary Elise Pizarro, and

Jocelyn Chase ("Named Plaintiffs" or "Class Representatives"), individually and as

representatives of a Class defined below, and Defendants Transurban (USA) Inc. and Transurban

(USA) Operations Inc. (collectively, "Transurban") (together with the Named Plaintiffs, the

"Parties") have entered into a Settlement Agreement dated March 28, 2016, which if approved,

would resolve this class action;

WHEREAS, the Parties have filed a motion for preliminary approval of the proposed

Settlement, and the Court has reviewed and considered the motion, the supporting brief, the

supporting declarations, the Settlement Agreement, and all exhibits thereto, including the

proposed class notice (the "Notice"), and finds there is sufficient basis for granting preliminary

approval of the Settlement, directing that notice be disseminated to the class, and setting a

hearing at which the Court will consider whether to grant final approval of the Settlement;

IT IS HEREBY ORDERED that:

1.      Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2.      Pursuant to the Settlement Agreement, the Class has been defined as follows:

> All Persons who had one or more E-ZPass accounts at the time such Persons incurred one or more alleged Toll Violation(s) on the Express Lanes and paid $100 or more to Transurban (or one of its affiliates) or LES in Fees/Penalties arising from such alleged Toll Violation(s) that, at the time of payment, were at the Collections Stage or Court Stage, and made such payment any time from the inception of the Express Lanes to the earlier of (a) the date the District Court issues an order granting preliminary approval of the settlement embodied in this Agreement or (b) March 1, 2016 (the "Cut Off Date"), except that the following are excluded: (i) Rental Car Companies; (ii) Other Fleet Owners; and (iii) judges assigned to the Lawsuit.[1]

3.      The Court preliminarily approves the proposed Settlement, finding that the terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to warrant dissemination of the Notice of the proposed Settlement.  The Court finds that the Settlement Agreement contains no obvious deficiencies and that the Parties entered into the Settlement Agreement in good faith, following arm's-length negotiation between their respective counsel.

4.      The Court appoints Hausfeld LLP, Boies, Schiller & Flexner LLP, Tycko & Zavareei LLP, and DiMuro Ginsberg PC as settlement class counsel and Anna Stanfield, Rachel Amarti, Mary Elise Pizarro, and Jocelyn Chase as class representatives.

5.      The Court hereby approves the form and procedures for disseminating notice of the proposed Settlement as set forth in the Settlement Agreement.  The Court finds that the

---

[1]    For the avoidance of doubt, a Person who paid Fees/Penalties directly to a court is considered to have paid the Fees/Penalties "to Transurban (or one of its affiliates) or LES" for the purposes of this Agreement.  For the avoidance of doubt, a Person who paid Transurban or one of its affiliates, and not the Debt Collector, for Unpaid Toll(s) and associated Administrative Fee(s) listed on a TN3 Invoice but who paid such amount(s) after such Unpaid Toll(s) were referred to the Debt Collector is not a Class Member by virtue of such payment.

\\DC - 036519/000018 - 7969982 v10

notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice in full compliance with the requirements of applicable law.

6.     As set forth in the Settlement Agreement, Transurban shall bear all costs and expenses in connection with providing notice and administering the proposed Settlement.

7.     Any Class Member shall have the right to opt-out of the Class and the Settlement by mailing a written request for exclusion from the Class to the address listed in the Notice postmarked no later than the deadline provided for such exclusion as set forth in the Notice. To be effective, the request for exclusion must:  include the Class Member's name, address, telephone number, the license plate number(s) of the vehicle(s) the Class Member used on the Express Lanes, and signature and state the Class Member's desire to "opt-out" or "be excluded from the Settlement" in *Brown, et al. v. Transurban (USA), Inc., et al.*, No. 1:15-cv-00494 (E.D. Va.). Any Class Member who does not submit a timely and valid request for exclusion shall be subject to and bound by the Settlement Agreement and every order or judgment entered concerning the Settlement Agreement.

8.     Any Class Member who intends to object to final approval of the Settlement, the amount of attorneys' fees and expenses and/or any Service Award to the Class Representatives or Former Class Representatives must mail a letter, postmarked no later than the deadline provided for such objection as set forth in the Notice, to the Court as well as the address listed in the Notice. The letter should state that the Class Member "objects" to the proposed settlement in *Brown, et al. v. Transurban (USA), Inc., et al.*, No. 1:15-cv-00494 (E.D. Va.) and explain the basis for the objection. Each objection must also include the Class Member's name, address, telephone number, the license plate number(s) of the vehicle(s) the Class Member used on the Express Lanes, and signature.

\\DC - 036519/000018 - 7969982 v10

9.      Any Class Member wishing to speak at the final settlement approval hearing must mail a letter to the Court as well as the address listed in the Notice, postmarked no later than the deadline for such notice of intention to appear set forth in the Notice, stating the Class Member's desire to appear in person, or through Counsel, at the final settlement hearing. The letter should state that it is a "Notice of Intention to Appear in *Brown, et al. v. Transurban (USA), Inc., et al.,* No. 1:15-cv-00494 (E.D. Va.)." Such notice of intention to appear must include the Class Member's name, address, telephone number, the license plate number(s) of the vehicle(s) the Class Member used on the Express Lanes, and signature.

10.     If, pursuant to Paragraph 4.2 of the Settlement Agreement, the Parties decide that Settlement Class Members will be permitted to submit their claim forms online, the Parties will promptly notify the Court of such. No motion will be necessary.

11.     The Court will hold a final settlement approval hearing addressing the final approval of the Settlement Agreement and an award of fees and expenses to Class Counsel, before the undersigned judge at the U.S. District Court, Eastern District of Virginia, Alexandria Division, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314. At the final settlement approval hearing, the Court will consider:  (i) whether the Settlement should be approved as fair, reasonable, and adequate for the Class; (ii) whether a judgment granting approval of the Settlement and dismissing the lawsuit with prejudice should be entered; and (iii) whether Class Counsel's application for attorneys' fees and expenses and the Service Awards should be granted.

12.     The following schedule shall govern the class action settlement proceedings:

a.      The Settlement Administrator must cause individual notice, substantially in the form attached to the Settlement Agreement as Exhibit I (proposed Notice), to be mailed by

4

first-class mail to all reasonably identifiable Class Members, on or before sixty (60) days after this Order is issued.

      b.     Class Members must mail any letter objecting to the proposed Settlement postmarked on or before one-hundred five (105) days after this Order is issued.

      c.     Class Members must mail any letter electing to exclude themselves from the Class postmarked on or before one-hundred five (105) days after this Order is issued.

      d.     Class Members wishing to appear at the final settlement approval hearing must mail any letter stating their intent to appear postmarked on or before one-hundred five (105) days after this Order is issued.

      e.     The Parties shall submit motions for final approval of the proposed Settlement, including any exhibits or attachments thereto, on or before one-hundred nineteen (119) days after this Order is issued.

      f.     The final settlement approval hearing shall be held on the first Thursday after twenty-one (21) days following the deadline for the Parties to file motions for final approval of the proposed Settlement.

      The dates established for items (b), (c), (d) and (f) shall be included in the Notice mailed to Class Members.

13.     Named Plaintiffs shall file, on or before one-hundred nineteen (119) days after this Order is issued, a motion for attorneys' fees and expenses and for the issuance of Service Awards. Defendants shall file any responses to the motion within two (2) weeks after the Named Plaintiffs file their motion, and, if necessary, Named Plaintiffs shall file a reply brief in support of their motion within one (1) week after the Defendants' responses are filed.

DATED: _____4/7/16_____

                                  /s/
                           James C. Cacheris
                           United States District Judge
                           The Hon. James C. Cacheris
                           United States District Judge