IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| JO-ANN BROWN, et al. | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|       v. | ) | 1:15cv494(JCC/MSN) |
| | ) | |
| TRANSURBAN USA, INC., et al. | ) | |
| | ) | |
|     Defendants. | ) | |

**O R D E R**

Class Representatives Anna Stanfield, Rachel Amarti, Mary Elise Pizarro, and Jocelyn Chase (collectively, "Class Representatives"), individually and as representatives of the Settlement Class, and Defendants Transurban (USA) Inc. and Transurban (USA) Operations Inc. (collectively, "Transurban") (together with the Class Representatives, the "Parties") moved this Court for an Order granting final approval of their Settlement and taking certain other actions.  On September 29, 2016, the Court held a hearing on final approval of the Settlement.

For the reasons stated in the accompanying Memorandum Opinion, it is hereby ORDERED:

1.    This Court has subject matter jurisdiction over this action and personal jurisdiction over all the parties in this action.

2.    Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement (see ECF No. 86-1) and the Addendum to the Settlement Agreement (see ECF No. 96-1).

3.    Based on the record before the Court, including the Orders preliminarily approving the Settlement and preliminarily certifying the settlement class, and the submissions in support of the Settlement and preliminary certification, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied and hereby certifies solely for the purpose of effectuating the Settlement the following Settlement Class:

> All Persons who had one or more E-ZPass accounts at the time such Persons incurred one or more alleged Toll Violation(s) on the Express Lanes and paid $100 or more to Transurban (or one of its affiliates) or LES in Fees/Penalties arising from such alleged Toll Violation(s) that, at the time of payment, were at the Collections Stage or Court Stage, and made such payment any time from the inception of the Express Lanes to the earlier of (a) the date the District Court issues an order granting preliminary approval of the settlement embodied in this Agreement [April 7, 2016] or (b) March 1, 2016 (the "Cut Off Date"), except that the following are excluded: (i) Rental Car Companies; (ii) Other Fleet Owners; and (iii)

judges assigned to the Lawsuit.[1]

4.   The Court finds that the requirements of Rule 23 are satisfied solely for the purpose of effectuating the Settlement as follows:

  a.  Pursuant to Rule 23(a)(1), the Court determines that the members of the Class are so numerous that their joinder before the Court would be impracticable;

  b.  Pursuant to Rule 23(a)(2), the Court determines that Class Representatives have alleged one or more questions of fact or law common to the Class;

  c.  Pursuant to Rule 23(a)(3), the Court determines that Class Representatives' claims are typical of the claims of the Class;

  d.  Pursuant to Rule 23(a)(4), the Court determines that Class Representatives will fairly and adequately protect the interests of the Class;

  e.  Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact

---

[1] For the avoidance of doubt, a Person who paid Fees/Penalties directly to a court is considered to have paid the Fees/Penalties "to Transurban (or one of its affiliates) or LES" for the purposes of this Agreement.  For the avoidance of doubt, a Person who paid Transurban or one of its affiliates, and not the Debt Collector, for Unpaid Toll(s) and associated Administrative Fee(s) listed on a TN3 Invoice but who paid such amount(s) after such Unpaid Toll(s) were referred to the Debt Collector is not a Class Member by virtue of such payment.

predominate over questions affecting only individual members; *and*

f.        Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and in light of the proposed settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action.

5.    If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order certifying the Class shall be vacated *nunc pro tunc*.

6.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlement on the basis that it is fair, reasonable, and adequate as to, and in the best interests of, all Class Members, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure. In reaching this conclusion, the Court has considered the factors set forth in *In re Jiffy Lube Securities Litigation*, 927 F.2d 155 (4th Cir. 1991). Moreover, the Court concludes as follow:

a.        The Settlement was negotiated by counsel with significant experience litigating consumer class

4

actions and is the result of vigorous arm's length negotiations undertaken in good faith and with the assistance of a professional mediator experienced in complex cases;

b.      No objections to the proposed Settlement have been filed.

c.      This action is likely to involve contested and serious questions of law and fact, such that the value of an immediate monetary recovery, in conjunction with the value of the prospective relief set forth in the Settlement, outweigh the uncertain possibility of future relief after protracted and expensive litigation;

d.      Class Counsel's judgment that the settlement is fair and reasonable, and the Class Members' reaction to the Settlement, is entitled to great weight.

7.   Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the Court appoints the following firms as Class Counsel for the Settlement Class: Hausfeld LLP, Boies, Schiller & Flexner LLP, Tycko & Zavareei LLP, and DiMuro Ginsberg PC.

5

8.    The Class Representatives will represent the Settlement Class.

9.    The Court approves and directs the implementation of all the terms of the Settlement.

10.   The distribution of the Notice as provided for in the July 16, 2016 Order granting preliminary approval of the modified settlement constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law.

11.   Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class ("Opt-Outs"), all Parties are bound by this Final Judgment and Order and by the Settlement Agreement and the Addendum to the Settlement Agreement.

12.   Except as to the Opt-Outs, the Court dismisses all claims contained in this action, as well as all of the Released Claims, against any of the Releasees by the Class Representatives and/or Class Members, with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement.

13.   The Opt-Outs have timely and validly requested exclusion from the Class and are hereby excluded from the Class, not bound by this Final Judgment and Order, and may not make any claim or receive any benefit from the Settlement, whether monetary or otherwise.

14.   The Court dismisses, with prejudice, *Brown v. Transurban (USA), Inc.,* No. 1:15-CV-00494 (E.D. Va.).

15.   Upon the Effective Date, the Releasors shall be deemed to hereby fully and irrevocably release, waive, and discharge the Releasees, whether or not specifically named herein, from any and all past, present, and future liabilities, claims, causes of action (whether in contract, tort or otherwise, including statutory, common law, property, constitutional and equitable claims), damages, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, or suspected or unsuspected, that (a) were asserted in the Lawsuit or (b) relate to Unpaid Toll(s) on the Express Lanes ("Released Claims"); provided that the Released Claims shall include any unknown claims that a Releasor does not know to exist against any of the Releasees which, if known, might have affected his or her decision regarding the settlement of the Lawsuit; provided further that the Class Representatives acknowledge that they and the other Releasors may hereafter discover facts in addition to

or different from those that they now know or believe to be true concerning the subject matter of this release but the Released Claims shall nonetheless be deemed to include any and all Released Claims without regard to the existence of such different or additional facts concerning each of the Releasees. Notwithstanding the foregoing, no claims are released hereunder for (a) personal injury; (b) damage to tangible property; (c) any and all claims that pertain to anything other than the Lawsuit or Unpaid Toll(s) on the Express Lanes, including all claims pertaining to toll(s) that are not paid via E-ZPass at the time of travel on the Express Lanes due to a person setting the EZPass Flex transponder in a vehicle to "HOV" mode and any claims pertaining to Transurban's charging of toll amounts different than amounts displayed; or (d) any and all claims for retrospective relief related to payment made in connection with Unpaid Toll(s) incurred after the Cut Off Date, except that a claim of a Postcard Responder related to a reduced compromise amount paid by such Postcard Responder as set forth in subsection 3.5.8 or 3.5.9 of the Settlement Agreement or to such Postcard Responder's underlying Toll Violation(s) and any associated Fees/Penalties shall be released.

16.   The Settlement, including all obligations therein, shall terminate five (5) years following the Effective Date of

the Settlement Agreement. The release set forth in Section 12 of the Settlement Agreement and Paragraph 15 of this Final Judgment and Order shall be effective for the duration of five (5) years following the Effective Date of the Settlement Agreement, provided that, for the avoidance of doubt, this means that, for example, a Settlement Class Member may assert a claim, after five (5) years elapses following the Effective Date, relating to any prospective relief described in this Settlement Agreement but that all Released Claims relating to conduct that occurred prior to the Cut Off Date shall be forever released and a claim of a Postcard Responder relating in any way to a reduced compromise amount paid by such Postcard Responder as set forth in subsection 3.5.8 or 3.5.9 of the Settlement Agreement or to such Postcard Responder's underlying Toll Violation(s) and any associated Fees/Penalties shall be forever released.

17.   For the time periods set forth in Paragraph 16 of this Final Judgment and Order, all Releasors are barred, enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim or cause of action in any jurisdiction or court against any Releasee based upon, relating to, or arising out of, any of the Released Claims.

18.   This Final Judgment and Order shall not affect, in any way, the right of Class Representatives or Class Members to pursue claims, if any, outside the scope of the Released Claims.

19.   The Settlement, acts performed in furtherance of the Settlement and/or documents executed in furtherance of the Settlement may not be deemed or used as evidence of an admission or other statement supporting: (a) the validity of any claim made by the Class Representatives, Former Class Representatives, Class Members, or Class Counsel (including the appropriateness of class certification); (b) any wrongdoing or liability of the Releasees; or (c) any fault or omission of the Releasees in any court, administrative agency, or other proceeding.

20.   The Settlement shall not be offered or be admissible in evidence against Transurban (USA) Inc., Transurban (USA) Operations Inc., 95 Express Lanes LLC, Capital Beltway Express LLC, Faneuil, Inc., Law Enforcement Systems, LLC, and/or their affiliates or cited or referred to in any action or proceeding, except in an action or proceeding that is in furtherance of the Settlement's terms or brought to enforce its terms. Notwithstanding the foregoing, the Settlement may be filed in an action to enforce or interpret the terms of the Settlement and any other documents executed in connection with the performance of the agreements embodied therein. The Releasees may file the

Settlement and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.   Any order entered regarding the motion for attorneys' fees and expenses in this action shall in no way disturb or affect this Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

22.   If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order shall be deemed vacated and shall have no force or effect whatsoever.

23.   Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of refund checks under the claims-made Settlement; (b) hearing and determining applications for attorneys' fees, costs, expenses, and Service Awards to the Class Representatives and Former Class Representatives in the

11

action; and (c) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

24.   There is no just reason for delay in the entry of this Final Judgment and Order, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

/s/

September 29, 2016          James C. Cacheris
Alexandria, Virginia     UNITED STATES DISTRICT COURT JUDGE